FILED
11 OCT 25 AM 10: 17
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ROBERT C. WOMACK,

Plaintiff,

vs.

MARCOS BROWN, *et al.*,

Defendants.

CASE NO. 11-CV-2250 BEN (BLM)

**ORDER:**

**(1) DISMISSING ACTION WITHOUT PREJUDICE**

**(2) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT**

[Docket No. 2]

On September 28, 2011, *pro se* Plaintiff Robert Womack filed a Complaint under various federal criminal statutes. (Docket No. 1.) Plaintiff also filed a motion to proceed *in forma pauperis*. (Docket No. 2.) The Court decides the matters on the papers submitted. For the reasons outlined below, the Court **DISMISSES** the action without prejudice and **DENIES** Plaintiff's motion to proceed *in forma pauperis* as moot.

## BACKGROUND

Plaintiff was previously an employee of San Diego Trolley, Inc. Defendant Marcos Brown is the co-owner and president of Avalon Home Care, Inc. Defendant Junie Z. Baratti is the director of operations and co-owner of Avalon Home Care. Plaintiff alleges that he presented Defendants with evidence that the employees of Avalon Home Care stole money and household products, and created abusive and negligent conditions, while working at the home of "Mary," "a close personal friend of

the plaintiff's family." (Compl. at 2.) Because of this, Defendants allegedly "fabricated a story with the intent to retaliate against the plaintiff, causing interference with the lawful employment and livelihood of the plaintiff as a Code Compliance Inspector with the San Diego Trolley, Inc. Plaintiff was subsequently terminated because of defendant's false testimony." (*Id.*) Although the Complaint is unclear, Plaintiff appears to allege that Defendants lied under oath at an arbitration proceeding by claiming that Plaintiff falsely identified himself as a San Diego Police Officer. The Complaint asserts seven claims: (1) retaliation against a witness, victim, or informant under 18 U.S.C. § 1513(b)(1) & (e); (2) conspiracy against rights under 18 U.S.C. § 241; (3) perjury under 18 U.S.C. § 1621; (4) unsworn declaration under penalty of perjury under 18 U.S.C. § 1746; (5) obstruction of justice under 18 U.S.C. §§ 1512 & 1519; (6) "damages to tangible property"; and (7) conspiracy under 18 U.S.C. § 371.

## DISCUSSION

### I. *SUA SPONTE* SCREENING AND DISMISSAL

A complaint filed by any person proceeding, or seeking to proceed, *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to mandatory *sua sponte* review and dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). Having reviewed Plaintiff's Complaint, the Court finds that the pleading fails to state a cognizable claim for relief.

The legal sufficiency of a complaint is tested under Federal Rule of Civil Procedure 12(b)(6). *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 12(b)(6), dismissal is appropriate if the complaint fails to state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). That is, the complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556. Dismissal is also appropriate when the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). The court must assume the truth of all factual allegations and construe them in the light most favorable to the plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). *Pro se* litigants are not "excused from

knowing the most basic pleading requirements." *Am. Assoc. of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).

Here, Plaintiff's Complaint is legally insufficient because it fails to state a cognizable claim for relief. All of the statutes Plaintiff brings his claims under are criminal statutes,[1] for which private rights of action are not recognized. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that private rights of action are not recognized for 18 U.S.C. § 241, a criminal statute); *Gervais v. Am. Express Centurion Bank*, No. 10-CV-1712-LAB (AJB), 2010 WL 4929077, at *1 (S.D. Cal. Nov. 30, 2010) (same for 18 U.S.C. § 371); *Thomas v. Bryant*, No. C09-5189-RBL, 2009 WL 2473662, at *2 (W.D. Wash. Aug. 7, 2009) (same for 18 U.S.C. §§ 1512 and 1513); *Peavey v. Holder*, 657 F. Supp. 2d 180, 190–91 (D. D.C. 2009) (same for 18 U.S.C. § 1519); *Moore v. Fountainhead Garden Home Owners' Ass'n, Inc.*, No. C-97-1334-VRW, 1997 WL 337570, at *2 (N.D. Cal. June 4, 1997) (same for 18 U.S.C. § 1621). As for Plaintiff's claim of "damages to tangible property," Plaintiff does not cite to a federal statute that would afford him relief.

Accordingly, the Court finds that Plaintiff's Complaint fails to state a claim for relief. The Complaint is, therefore, **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint that corrects the deficiencies outlined above. Any such amended complaint must be filed no later than December 5, 2011.

## II. MOTION TO PROCEED *IN FORMA PAUPERIS*

Because Plaintiff's Complaint is dismissed, Plaintiff's motion to proceed *in forma pauperis* is **DENIED** as moot. If Plaintiff files an amended complaint and wishes to proceed *in forma pauperis* at that time, he must submit a new motion to proceed *in forma pauperis* with the amended complaint.

**IT IS SO ORDERED.**

DATED: October 24, 2011

HON. ROGER T. BENITEZ
United States District Court Judge

[1] Plaintiff brings a claim under 18 U.S.C. § 1746 for "unsworn declaration under penalty of perjury." (Compl. at 4.) Such a statute does not exist. In addition, because Plaintiff cites to Title 18 of the United States Code, it can be assumed that Plaintiff intended to cite a criminal statute. Criminal statutes do not create private rights of action, as discussed above.